UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **MELISSA ROSE BARRETT** | **NO. 22-00071-BAJ-SDJ** |

### RULING AND ORDER

Before the Court is Defendant's **Motion for Post Verdict Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure Rule 29 (Doc. 99)**. The United States opposes the motion. (Doc. 101). For the reasons that follow, Defendant's Motion will be denied.

### I. BACKGROUND

This matter proceeded to jury trial on October 23, 2023, under an Indictment charging Defendant with one count of Tax Evasion, in violation of 26 U.S.C. § 7201. (Doc. 1). Defendant is a licensed medical practitioner who runs two health care clinics in Louisiana. The Government alleged that Defendant committed seventeen affirmative acts of evasion between 2012 and 2021, seven of which occurred within the six-year statute of limitations. To carry out her alleged scheme of evasion, Defendant placed assets, including multiple properties and a boat, in the name of Stat Care Clinics, LLC, the company that controls the clinics she runs. The United States and the Defendant each presented a case, and on October 31, the evidence was submitted to the jury for decision. (Docs. 74, 76, 78, 79, 80, 87, 93). After

approximately two hours of deliberation, the jury rendered its verdict convicting Defendant. (*See* Docs. 93, 94). Defendant's sentencing hearing is set for February 29, 2024. (Doc. 219).

Now Defendant moves for a judgment of acquittal, arguing that the evidence against her was not sufficient to establish that she engaged in affirmative acts of evasion, as required by 26 U.S.C. § 7201. (Doc. 99).

## II.  LAW AND ANALYSIS

Rule 29(c) permits the Court to set aside a jury's verdict of guilty for any offense for which the evidence is insufficient to sustain a conviction. Fed. R. Crim. Proc. 29(c). The law is clear, however, that the Court's discretion under Rule 29(c) is limited. First, as an over-arching rule, the evidence must be viewed "in the light most favorable to the prosecution," *United States v. Valle*, 538 F.3d 341, 344 (5th Cir. 2008) (quotation marks omitted). This means that the Court's review of the evidence, inferences, *and* credibility determinations "is highly deferential" to the jury. *United States v. Moreno–Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011). Second, the evidence should not be examined in isolation, but as part of the totality of all of the evidence at trial. *See United States v. Vergara*, 687 F.2d 57, 61 (5th Cir. 1982). Third, the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses," *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001), and, thus, "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *Moreno-Gonzalez*, 662 F.3d at 372 (quotation marks and alterations omitted). Finally,

2

"what the [jury] is permitted to infer from the evidence in a particular case is governed by a rule of reason, and . . . [jurors] may properly use their common sense and evaluate the facts in light of their common knowledge of the natural tendencies and inclinations of human beings." *See United States v. Surtain*, 519 Fed. App'x 266, 277 (5th Cir. 2013) (quoting *United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989)). As a result, even if the Defendant presents a plausible, non-criminal explanation for her actions, that is not enough to upset the verdict because "a jury is not required to accept *any* alternative explanation." *United States v. Winkler*, 639 F.3d 692, 700 (5th Cir. 2011).

Defendant has already moved twice for judgment of acquittal—after the United States rested its case-in-chief, and again after Defendant presented her case. (Docs. 79, 87). Each time the Court rejected Defendant's gambit, for reasons fully explained on the record. Defendant's latest attempt to evade the evidence against her fares no better.

As instructed to the jury, a conviction under 26 U.S.C. § 7201 for tax evasion requires that three elements be proved beyond a reasonable doubt:

> *First*: That there exists a substantial tax deficiency owed by the defendant to the IRS, as charged;
>
> *Second:* That the defendant committed at least one affirmative act to evade or defeat assessment or payment of the income tax[es] owed. An affirmative act includes any conduct the likely effect of which would be to mislead or conceal; and
>
> *Third*: That the defendant acted willfully, that is, the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty.

3

PATTERN JURY INSTRUCTIONS: FIFTH CIRCUIT (CRIMINAL) § 2.103 (2019).

A "mere failure to pay" does not constitute tax evasion; instead, evasion is "any conduct, the likely effect of which would be to mislead or to conceal". *United States v. Jones*, 459 F. App'x 379, 383 (5th Cir. 2012). Here, Defendant contends the evidence is insufficient to convict and that it demonstrates only a failure to pay. But the Government counters that such failure, in conjunction with the affirmative acts enumerated in the indictment, constitutes evasion. Defendant's argument boils down to questioning whether she can be convicted for concealing assets or putting assets out of reach of the IRS when the IRS is aware of the entity in which she allegedly hid the assets. The answer, in this case, is yes.

Defendant purchased numerous properties outside of Louisiana and titled those properties in the name of her LLC and various family members. She omitted these properties from tax returns and disclosure forms, all while owing the IRS over one million dollars in personal tax debt. The testimony of family members and employees called into question the business purpose of these properties. Instead, evidence at trial supported the conclusion that the assets—hunting properties and a boat—were for personal use and that Defendant titled them in the names of other people and her LLC because she was afraid the IRS would seize assets titled in her own name.

In its attempts to hold Defendant accountable for the money she owed, the IRS made an alter ego determination regarding Defendant's LLC, which allowed it to seize the LLC's assets to satisfy her personal tax debt. Despite this theoretical ability

4

to go after the LLC, testimony at trial demonstrated that Defendant concealed the location of the LLC's assets, which were scattered throughout the country, making it difficult for the IRS to act on its alter ego determination. Although Defendant made belated attempts to reveal the LLC's ownership interests in certain properties,[1] the existence of other properties and the boat was never disclosed.

It is true that the IRS was aware of Stat Care Clinics, LLC and was attempting to target its assets. In theory, with enough leg work, the IRS eventually could have identified and seized all the LLC's assets without Defendant's help. Defendant appears to suggest that because her scheme was therefore ultimately doomed to fail, she cannot be convicted of tax evasion. "Most evasion of payment schemes," she notes, "involve actions that *can* achieve the alleged goal of concealment or avoiding collections." (Doc. 99-1 at 7 (emphasis added)). Defendant's twisted logic leads to a tax evasion catch-22: the Government's discovery of your tax evasion scheme renders it lawful. The Court will not entertain this absurd interpretation of the nation's tax laws. Instead, the Court finds that the evidence is sufficient to support the conviction for tax evasion. *See United States v. Williams,* 264 F.3d 561, 576 (5th Cir. 2001) ("[T]he jury is free to choose among all reasonable constructions of the evidence" (internal quotation marks omitted)). Finally, Defendant argues that she instead should have been convicted of the lesser included offence of willfully failing to pay a tax, in violation of 26 U.S.C. § 7203. This line of argument is futile because, for the

---

[1] For instance, Defendant named *some* properties on value depreciation statements. (*See* Doc. 99-1 at 2).

5

reasons stated above and on the record at trial, the Court finds that the Government's evidence supports Defendant's conviction for tax evasion.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion For Judgment Of Acquittal (Doc. 99)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 6th day of February, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**